NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

STARR INDEMNITY AND LIABILTY
COMANY,

Plaintiff - Appellant,

v.

SIGNATURE FLIGHT SUPPORT
CORPORATION, a Nevada corporation, et
al.,

Defendants - Appellees.

No. 24-2725

D.C. No.
2:22-cv-02011-GMN-CLB

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Argued and Submitted August 14, 2025
San Francisco, California

Before: RAWLINSON and KOH, Circuit Judges, and FITZWATER, District
Judge.**

Starr Indemnity and Liability Company ("Starr") appeals from the district

court's grant of Signature Flight Support's ("Signature") motion for summary

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

judgment. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *See Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1259 (9th Cir. 2021). We affirm in part and reverse in part.

1.      The district court correctly concluded that the limitation of liability provision contained in Signature's landing card was not unconscionable. "Nevada law," which the parties agree applies here, "requires both procedural and substantive unconscionability to invalidate a contract as unconscionable." *U.S. Home Corp. v. Michael Ballesteros Tr.*, 415 P.3d 32, 40 (Nev. 2018) (en banc). On appeal, Starr focuses exclusively on procedural unconscionability but offers no argument as to why the provision is substantively unconscionable. Because Starr has failed to show the provision was sufficiently "one-sided[]" or "oppressive" to be substantively unconscionable, we affirm this portion of the district court's ruling. *Gonski v. Second Jud. Dist. Ct. of State ex rel. Washoe*, 245 P.3d 1164, 1169 (Nev. 2010), *overruled on other grounds by U.S. Home*, 415 P.3d 32.

2.      However, the district court improperly concluded as a matter of law that contract pilot Tomas Troncone had apparent authority to bind Learjet owner Patrick Marino to the limitation of liability provision contained in Signature's landing card. Under Nevada law, the party claiming the existence of apparent authority "must prove . . . that his subjective belief in the agent's authority was objectively reasonable." *Great Am. Ins. Co. v. Gen. Builders, Inc.*, 934 P.2d 257,

2

261 (Nev. 1997). The objective reasonableness inquiry asks whether "a person of ordinary prudence, conversant with business usages and the nature of the particular business, acting in good faith, and giving heed not only to opposing inferences but also to all restrictions which are brought to his notice, would reasonably rely" on the existence of such authority. *Ellis v. Nelson*, 233 P.2d 1072, 1076 (Nev. 1951). The question is not just whether it is reasonable to conclude an individual was acting as an agent for the principal, but also whether it is reasonable to believe the agent was acting "within the scope of the agent's [apparent] authority." *Nat. Bank v. Gold Star Meat Co., Inc.*, 514 P.2d 651, 653 (Nev. 1973). "Apparent authority, including a third party's reasonable reliance on such authority, is a question of fact." *Great Am. Ins.*, 934 P.2d at 261.

A genuine dispute of material fact exists as to whether it was reasonable for Signature to conclude Troncone had the apparent authority to bind Marino to the limitation of liability provision.[1] The record suggests that it is common for pilots to sign landing cards on behalf of airplane owners to receive services such as refueling or lavatory services from a fixed based operation ("FBO") like Signature. But the record also suggests it is *not* common practice in this industry for landing cards to contain limitation of liability provisions or for pilots to consent to such

---

[1] Although we find a genuine dispute of fact exists as to the scope of Troncone's apparent authority, we reject Starr's arguments that no apparent agency relationship existed between Troncone and Marino.

provisions on behalf of owners. Indeed, undisputed testimony suggests that Signature is the only FBO that includes such a provision in their landing card. Signature offers no contrary evidence regarding the scope of a pilot's apparent authority. Accordingly, even if pilots have the apparent authority to sign landing cards on behalf of owners generally, there exists a factual dispute as to whether the scope of that apparent authority extends to consenting to the limitation of liability provision here. *See Nev. Nat'l Bank*, 514 P.2d at 653; Restatement (Third) of Agency § 2.03 cmt. d ("The fact that it is customary for participants in an industry to be represented by agents does not invest an agent with apparent authority to do acts other than those customary to the agent's position. Thus, agents customarily represent toy designers in presenting designs to manufacturers and customarily execute on the designer's behalf some sort of disclosure form, but designers' agents do not customarily sign away all of the designer's intellectual-property rights prior to presenting the design to a manufacturer.").[2]

3.     Signature argues that if we reverse on the issue of apparent authority, we can affirm on the ground that Troncone had actual authority to consent to the limitation of liability provision. Actual authority exists when an "agent reasonably believes, in accordance with the principal's manifestations to the agent, that the

---

[2]    The Nevada Court of Appeals has adopted this section of the Restatement (Third) of Agency's definition of apparent authority. *See Baghdoyan v. Yapa-Mudiyanselage*, 2020 WL 6955292, at *1 (Nev. App. Nov. 25, 2020).

principal wishes the agent so to act." *Simmons*, 331 P.3d at 856 (adopting the Restatement (Third) of Agency § 2.01). Signature cannot establish that Troncone had actual authority because, unlike apparent authority, proof of actual authority requires the agent to subjectively believe they had the power to perform the particular act in question. *See* Restatement (Third) of Agency § 2.01 cmts. c, e (explaining that, to establish actual authority, it is "necessary that the agent in fact believes that the principal desires the action taken by the agent"). Troncone testified that he did not believe he had the authority to consent to the limitation of liability provision on Marino's behalf. This is sufficient to create a genuine dispute of material fact as to the existence of Troncone's actual authority.

**AFFIRMED IN PART AND REVERSED IN PART**.